**Order entered September 15, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00319-CV

**JOE H. STALEY, JR. AND STALEY BUSINESS PARTNERSHIP, LP, Appellants**

**V.**

**DELIA CROSSLEY, Appellee**

**On Appeal from the Collin County Probate Court**
**Collin County, Texas**
**Trial Court Cause No. PB1-1828-2016**

## ORDER
Before Chief Justice Wright, Justice Francis, and Justice Stoddart

We **REINSTATE** this appeal. On August 10, 2017, we abated the case after denying appellants' amended motion to supplement the record with the transcripts of two proceedings that were electronically tape recorded. The abatement was to allow the Probate Court of Collin County an opportunity to conduct a hearing to determine whether the parties agree on the accuracy of the transcripts, which were attached to the amended motion.

In response to our order, the Honorable Weldon Copeland, Presiding Judge of the Probate Court of Collin County, filed a "Request for Guidance." Judge Copeland noted Texas Government Code section 25.0453(g) authorizes him to electronically tape record proceedings in his court, and he asked for guidance on the necessity of having the hearing we ordered.

We agree with Judge Copeland that section 25.0453(g) authorizes the tape recording of proceedings in the Collin County Probate Court, and **VACATE** that portion of our August 10th order denying appellants' amended motion.  *See* TEX. GOV'T CODE ANN. § 25.0453(g) (West Supp. 2016).  Although section 25.0453(g) allows the recording of proceedings in the Probate Court of Collin County, that does not end our inquiry as to the propriety of the transcripts at issue.  Section 25.0453(g) mandates the probate judge, in designating a court recorder, to "assign to [the] court recorder the duties and responsibilities necessary to act in that capacity."  *See id.*  Those duties and responsibilities are outlined in relevant part in Texas Rule of Appellate Procedure 34.6 and the Uniform Format Manual for Texas Reporters' Records.  *See* TEX. R. APP. P. 34.6 & Apx. C, rule 2; *Unif. Format Manual for Tex. Reporters' Records*, § 3.  The transcripts at issue do not comply with the applicable rules.

Accordingly, we **ORDER** as follows.  We **ORDER** Judge Copeland to direct the court recorder he designated to record the proceedings in this case to file, **WITHIN TEN DAYS OF THIS ORDER**, a record that complies with Texas Rule of Appellate Procedure 34.6(a)(2) and section 3 of the Uniform Format Manual for Texas Reporters' Records.  *See* TEX. R. APP. P. 34.6(a)(2); *Unif. Format Manual for Tex. Reporters' Records*, § 3.  If a record that complies with those rules cannot be filed, Judge Copeland shall conduct, **WITHIN FOURTEEN DAYS OF THIS ORDER**, the previously ordered hearing to determine whether the parties agree on the accuracy of the transcripts at issue.  If the parties do not agree, Judge Copeland shall then determine whether (1) appellants objected to the proceedings being electronically recorded and (2) the record of the proceedings is necessary to the appeal's resolution.  Judge Copeland shall transmit to the Court a  record of the hearing and a supplemental clerk's record containing the Probate Court's docket sheet, the written finding(s), and any supporting documentation

**WITHIN TWENTY DAYS OF THIS ORDER**.  Appellants' amended motion to supplement the record remains pending.

We **DIRECT** the Clerk of this Court to send a copy of this order to Judge Copeland, Collin County Clerk Stacey Kemp, and the parties.

We **ABATE** the appeal to allow Judge Copeland to comply with this order.  The appeal shall be reinstated when the requested record has been filed or within thirty days of the date of this order.


/s/     CRAIG STODDART
        JUSTICE